UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCHOOL BOARD OF LEE COUNTY, FLORIDA,

    Plaintiff,

v.                                                  Case No:  2:15-cv-730-FtM-99MRM

M.P., E.P. and S.P.,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court upon consideration of Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. #31) filed on September 30, 2016, recommending that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. #8) be granted with leave to amend.  Plaintiff School Board of Lee County (School Board) filed an Objection (Doc. #33) to the Report and Recommendation (Doc. #33) on October 14, 2016.  The matter is ripe for review.

## Background

This is an action brought pursuant to the Declaratory Judgment Act, alleging jurisdiction under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. § 1331, concerning whether two pre-hearing decisions of an Administrative Law Judge (ALJ) of the Florida Division of Administrative Hearings (DOAH)

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

were erroneous.  The facts of this action have been thoroughly summarized in the Report and Recommendation (Doc. #33 at 2-10) and need not be fully repeated here, but a brief summary of the underlying proceeding and the ALJ's October 23, 2015 decision as set forth in Plaintiff's Complaint (Doc. #1) and its exhibits (Docs. #1-1 – 1-2) would be helpful here.

Defendant M.P. is a minor student who receives educational services in the Countywide Exceptional Child Program of the School Board in Fort Myers, Florida, meeting the eligibility criteria for Autism Spectrum Disorder, thereby entitling him to protections under the IDEA.  On or about August 18, 2015, M.P. initiated an administrative due process hearing request pursuant to the Rehabilitation Act, 29 U.S.C. § 794 (Section 504),[2] the Americans with Disabilities Act, and 42 U.S.C. § 1983, alleging that he was subject to bullying and harassment at Cypress Lake Middle School in 2013 (the "Underlying Proceeding").  M.P. contended that the School Board had discriminated against him by not offering or providing the necessary support or services to M.P., resulting in restricted access to his public school peers.  The Section 504 hearing request sought to order the School Board to develop a proper Section 504 plan or Individualized Education Plan (IEP) or both.  Plaintiff asserts that "[a]t the time of filing his Section 504 due process hearing petition, Defendant did not challenge the special education and related services under his then-current IEP pursuant to the IDEA." (Doc. #1, ¶ 16).  In response to the Section 504 hearing request, the School Board asserted as an affirmative defense that Defendants failed to exhaust the administrative remedies under the IDEA.

---

[2] Section 504 prohibits discrimination on the basis of disability in programs or activities that receive Federal financial assistance from the U.S. Department of Education.

The School Board then moved to dismiss M.P.'s Section 504 hearing request based on this affirmative defense.

In an October 23, 2015 decision (Doc. #1, Exh. A),[3] the ALJ denied the motion to dismiss, finding that the administrative proceeding was not a "civil action" within the meaning of 20 U.S.C. § 1514(l) of the IDEA, and therefore exhaustion was not required. Although this is the only portion of the October 23 decision that Plaintiff sets forth in its Complaint, other portions of the ALJ's decision are worth noting when considering the issues presented here.  When discussing the process that was due at the impartial hearing and the procedures that would followed, the ALJ found:

> In its analysis of Section 504's regulations, the U.S. Department of Education Office of Civil Rights ("OCR") has clarified that the procedural safeguards requirement in the regulations set forth 'minimum necessary procedures' and, although OCR recommends that local education authorities ("LEAs") use the IDEA's due process procedures as a model to comply with Section 504's requirements, it does not require such a practice. See Analysis of Final Regulations, 34 C.F.R. § 104 App. A ¶ 25.  Thus, Section 504 regulations do not afford parties the same procedural safeguards as those under the IDEA.  For example, the OCR has opined that Section 504 does not require LEAs to allow cross-examination during the Section 504 hearing in contract [sic] to the IDEA, which expressly provides that right.  Houston (TX) Indep. Sch. Dist., 25 IDELR 163, 164 (OCR 1996).

(Doc. #1, Exh. A).

In Count I of the Complaint, Plaintiff seeks a declaratory judgment that Defendants must first exhaust IDEA administrative remedies prior to requiring a Section 504 hearing. In Count II, Plaintiff seeks a declaratory judgment that the ALJ's decisions were erroneous

---

[3] The ALJ's decisions in the Underlying Proceeding are attached to Plaintiff's Complaint and are central to Plaintiff's claims and not otherwise in dispute; therefore, the Court may consider their contents when determining a motion to dismiss.  Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

as a matter of law because IDEA procedures were not followed. The proceeding below has been abated pending disposition of this action.

After conducting a hearing on the matter, Judge McCoy found that because the requirements of 20 U.S.C. § 1415(i)(2)(A) of the IDEA were not met, the Court could not find subject matter jurisdiction based upon the IDEA as alleged by the School Board. (Doc. #31 at 15). Likewise, Judge McCoy found no federal question jurisdiction because the School Board failed to state a plausible claim under the IDEA and because the IDEA does not authorize the School Board's claims. (*Id.* at 17). Furthermore, Judge McCoy found that the School Board's interpretation of the term "civil action" in Section 1415(l) is not plausible as a matter of law. (*Id.* at 21).

## Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *see also United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. So. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determination of a magistrate judge without personally rehearing disputed testimony from the witness. *See Powell*, 628 F.3d at 1256-58.

## Discussion

Plaintiff asserts two grounds for its objections: (1) Judge McCoy erred in finding that the Court lacks subject matter jurisdiction premised on the IDEA because the School Board raised dispositive defenses based on the IDEA below; and (2) Judge McCoy erred in concluding that the School Board's Complaint fails to state a claim upon which relief can be granted by (a) misinterpreting the statutory construction and meaning of a "civil action" and its limitations within the IDEA, and (b) misconstruing the basis of the School Board's claims. Having reviewed the Motion, Response, hearing transcript, Report and Recommendation, and Objection, the Court finds Plaintiff's Objections must be overruled.

### 1. Subject matter jurisdiction premised on the IDEA

School Board argues that because it raised the IDEA failure to exhaust administrative remedies defense below, which was rejected by the ALJ, subject matter jurisdiction premised on the IDEA pursuant to Section 1415(i)(2)(A) lies in this Court to declare whether the ALJ's decision was correct or not. Section 1415(i)(2)(A) of the IDEA provides:

> **(2) Right to bring civil action**
>
> **(A) In general**
>
> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

20 U.S.C. § 1415(i)(2)(A).

The Court agrees with Judge McCoy that Plaintiff does not meet Section 1415(i)(2)(A)'s requirements. Under this Section, the IDEA provides a private right of action in two circumstances: first, a party may bring suit if he or she is "aggrieved by the findings and decision made under subsection (f) or (k) . . . ." Neither subsection (f) nor (k) apply in this instance. Subsection (f) concerns due process hearings, and the only decision contemplated by that subsection is "a decision by a hearing officer [] made on substantive grounds based on a determination of whether the child received a free appropriate public education." 20 U.S.C. § 1415(f)(3)(E)(i). We do not have such a decision here. And subsection (k) refers to the placement of a child in an alternative education setting, which is also not the case here.

The second provision under Section 1415(i), allows an action by "any party aggrieved by the findings and decision made under this subsection . . . ." *Id.* § 1415(i)(2)(A). Although Plaintiff primarily relies on this subsection as the basis for this Court's jurisdiction, nothing in subsection (i) allows for immediate judicial review of a pre-hearing ruling on a motion to dismiss an affirmative defense in a Section 504 proceeding, and Plaintiff can point the Court to no authority that has so held, as observed by Judge McCoy. Thus, the School Board's claims are premature because the ALJ has yet to hold a due process hearing and issue a final decision.

The Court is mindful that in making its argument, Plaintiff cites a long line of authority from the Eleventh Circuit in support. (Doc. #33 at 5). See *Babicz v. School Bd. of Broward County*, 135 F.3d 1420, 1422 n.10 (11th Cir. 1998); *N.B. v. Alachua County Sch. Bd.*, 84 F.3d 1376, 1379 (11th Cir. 1996); *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1158-59 (11th Cir. 2006); *Laura A. v. Limestone County Bd. of Educ.*, 610 F.

App'x 835 (11th Cir. 2015). The Court agrees that these cases stand for the proposition that any student who seeks relief that is available under the IDEA must use the IDEA's administrative system to exhaust available remedies. But those cases do not stand for the proposition that this Court has subject matter jurisdiction under the IDEA to review a pre-hearing ruling by the ALJ to declare whether those proceedings are being properly followed. In fact, the Eleventh Circuit's precedent tends to show the opposite, which the Court has ruled in accord with today. *See School Bd. of Lee County, Fla. v. M.M. ex rel. M.M.*, 348 F. App'x 504, 506-07 (11th Cir. 2009) (noting that "if either party is aggrieved by the findings and decision made by the ALJ in his *final order*, the IDEA provides that he or she 'shall have the right to bring a civil action' which 'may be brought in ... a district court of the United States, without regard to the amount in controversy a civil action'") (citing 20 U.S.C. § 1415(i)(2)(A) (emphasis added)); *J.P. v. Cherokee County Bd. of Educ.*, 218 F. App'x 911, 913 (11th Cir. 2007) ("Once the administrative proceedings *are complete*, the IDEA provides that either party may challenge those proceedings in state or federal court.") (emphasis added); *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 209 (2d Cir. 2007) (noting that "the IDEA does not permit students or their parents to sue the moment they are dissatisfied with the outcome of any of the[] proceedings").[4]

      The Court agrees with Judge McCoy that Section 1415(i)(2)(A) of the IDEA does confer subject matter jurisdiction in this instance. The Court appreciates Plaintiff's concern that the Court is misinterpreting its claims, but if Plaintiff wishes to challenge the Section 504 proceedings for failure to apply the proper procedures it may do so after a

---

[4] The Court notes though that none of these cases decide the exact issue presented here because they did not involve review of a pre-hearing decision.

7

final decision has been rendered by the ALJ and a full and complete administrative record is available to the Court for consideration.

### 2. Failure to State a Claim

Next, Plaintiff alleges that Judge McCoy misconstrued the basis of the School Board's claims, stating that because its affirmative defenses to the underlying Section 504 proceeding were asserted pursuant to the IDEA, it was an aggrieved party and may seek redress. As discussed *supra*, because the requirements of Section 1415(i)(2)(A) are not met, Plaintiff's argument fails.

Plaintiff further alleges that Judge McCoy misinterpreted the statutory construction and meaning of a "civil action" and its limitations within the IDEA. While the Court agrees with Judge McCoy's analysis that a Section 504 administrative proceeding is not a "civil action" as that term is used in 20 U.S.C. § 1415(I), and therefore accepts and adopts the Report and Recommendation, a determination by the Court as to the meaning of a "civil action" is not dispositive of the issues raised in the Motion to Dismiss. As Plaintiff states in its Objection, it is arguing that regardless of whether a Section 504 administrative hearing request is determined to be a "civil action," Defendants must first exhaust IDEA administrative remedies. Indeed, after reviewing the briefs and hearing transcript, the Court notes that the essence of Plaintiff's argument is that the ALJ should follow the IDEA's administrative procedures below regardless of whether M.P. filed a Section 504 hearing request or a claim under the IDEA. A reading of the ALJ's October 23, 2015 Order Denying Motion to Dismiss, clearly evinces that the ALJ has decided that it will not use the IDEA's due process procedures below. Whether this is proper is a decision for

another day, but one that the Court does not have jurisdiction to determine on an interlocutory-type appeal such as this.

### 3. Leave to Amend

Finally, Judge McCoy recommends that Plaintiff be afforded the opportunity to amend its Complaint to allege a viable basis for subject matter jurisdiction and state a claim upon which relief can be granted. The Court agrees.

Accordingly, it is now

**ORDERED:**

(1) Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. #31) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

(2) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. #8) is **GRANTED**.

(3) Plaintiff's Complaint (Doc. #1) is **DISMISSED WITHOUT PREJUDICE**.

(4) Plaintiff shall have up to and including **November 14, 2016** to file an amended complaint in accordance with this Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of October, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record